IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND, )
et al., )
 )
        Plaintiffs, )
 )
  v. )  No. 11 C 1994
 )
JOBA CONSTRUCTION COMPANY, INC.,)
et al., )
 )
        Defendants. )

## MEMORANDUM ORDER

All three corporate defendants have filed their joint Answer and Affirmative Defenses ("ADs") to this ERISA action that seeks the imposition of withdrawal liability. This sua sponte memorandum order is prompted by two problematic aspects of that responsive pleading.

To begin with, several of defendants' responses (Answer ¶¶5, 6, 16-19 and 22) set out Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimers, each of them followed by the assertion "and, therefore, deny same." That language (particularly in its misuse of the word "therefore") is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Hence the offending language is stricken wherever it appears in the Answer.

As for the ADs, two of the three should be and are also stricken. Here they are:

1. AD 1, which is essentially the equivalent of a Rule 12(b)(6) motion, is ill-conceived. When the Complaint's allegations are taken as gospel, as they must be for AD purposes (see App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill 2001)), the contention embodied in AD 1 is wrong as a matter of law.

2. AD 3 is both unnecessary and inappropriate. Defendants' claimed "right to add additional affirmative defenses" is, as the rest of the AD reflects, not a "right" at all, but rather a possibility to be considered if, as and when it arises--and more importantly, a possibility that depends on court approval.

In sum, all of the portions of defendants' responsive pleading highlighted here are stricken. There is no need for defendants to submit any corrective filing.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 20, 2011